## Lincoln Bank & Trust Co. v. Harthill et al.

(Decided Dec. 21, 1934.)

· GORDON, LAURENT & OGDEN and T. M. GALPHIN, Jr., for
.appellant.

EWING L. HARDY and MARSHALL B. HARDY for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Dr. Henry C. Harthill and wife, whom we shall call the plaintiffs, recovered a $3,000 judgment against the ·defendant, and it appeals.

In 1930 Charles N. Koch and wife mortgaged to the ·defendant the premises involved to secure a loan of $7,000. He agreed to keep the buildings on the premises fully insured, and to deposit the policies with the ·defendant. He further agreed that if he sold the property without the consent of the defendant, manifested by its uniting in the deed, it could declare its debt due and proceed to collect it.

Mr. Koch traded these premises to the plaintiffs for an apartment building. They met at the defendant's office on February 13, 1932; their deeds, duly made and acknowledged, were exchanged, the defendant joining in the deed to Harthill.

The defendant calculated the unearned premium on the policies it held and which had been issued to Koch and were held by the defendant. Plaintiffs then paid Koch therefor, and were, then according to Dr. Harthill, told this by the defendant's officers: "We will attend to the transfer of the insurance; don't bother about that, we will attend to it." One of the defendant's officers who was then present for some unexplained reason did not testify. The officer who did testify did not deny this in a way calculated to induce belief, especially when

he was being questioned directly by a juror and was evading.

There were three policies to be transferred from Koch to plaintiffs, and defendant then had them on the table in its office. The agency that had written all of them was on the same street just a block or so away, and both that agency and the defendant had telephones. This was 12:45 (noontime) on Saturday. The defendant did nothing the rest of that day. On Monday one of the defendant's officers called plaintiffs' attorney and asked about the transaction, and he was told the deeds had gone to record and that he should attend to the transfer of this insurance, and defendant's officer said: "I will do that right now." Here is what he says he did:

> "I gave the mortgage loan department instructions to go ahead and transfer our mortgage on record from Koch to Harthill. In the course of procedure, as soon as they are through with that information it is passed on into the insurance department, which was accomplished on Tuesday, and the policies—the endorsements—were actually in process on Wednesday morning of going down there when this loss was reported."

The loss the witness refers to is the building on the plaintiffs' property which was destroyed by fire about 2 a. m., Wednesday. The insurance companies refused to pay because the policies had not been transferred. Plaintiffs sued the defendant for the loss they suffered by the defendant's negligence, and recovered the judgment stated.

For reversal the defendant urges the plaintiffs failed to show that this agency would have transferred this insurance if requested, but it is not shown this was the only agency in Louisville, and if defendant had made timely inquiry and learned the transfer would not be made, then it could have notified Dr. Harthill, who also had a telephone, and the insurance could have been procured elsewhere.

The vice president of this agency testifies now after the loss he would not have made this transfer if he had been requested to do so then, but no good reason is suggested why the defendant could not have learned this on February 13, 15, or 16 as well as later. There is no

suggestion of any lack of telephone service on those days.

Defendant urges the court erred in instructing the jury, but we need not discuss that, as plaintiffs were entitled to a directed verdict.

Defendant says there was no consideration for its undertaking to effect this transfer, but there is no merit in that. This loan was made to Koch originally, it was being assumed by the plaintiffs. Defendant was acquiring the obligation of an additional payor or rather payors on its loan. It saw the plaintiffs pay Koch for this insurance; it knew plaintiffs probably could not procure other insurance while these policies were outstanding. It held these policies as collateral security for its loan, and as pledgee it was its duty to preserve this security, and thus we see there was abundant consideration for its undertaking to have this transfer made; its desire to attend to this transfer itself rather than intrust the matter to the plaintiffs was enough.

There is no dispute here. The parties understood each other thoroughly, and the extract we have made from the evidence shows the defendant was slowly dawdling along on its way to do everything plaintiffs claim it was to do, and the failure of plaintiffs to have insurance on their property at the time of this fire is due to the procrastination of the officers of the defendant and the lack of expedition in the operation of its interdepartmental machinery. A loss has resulted therefrom. It should bear the loss, for it caused it.

Judgment affirmed.